(No. 14483.—Reversed and remanded.)

NELLIE I. MEES et al. Appellants, vs. MABEL STEFFEY et al. Appellees.

*Opinion filed April 19, 1922.*

1. DEEDS—*when conveyance from child to parent is presumed to be valid—misrepresentations.* The mere fact of the relationship of parent and child where the parental dominion has ceased will not, of itself, raise a presumption of fraud or undue influence by the parent in obtaining a conveyance or gift from the child, and such a conveyance, in the absence of any other circumstances except the relationship of the parties, is presumed to be valid, but its validity may be destroyed if shown to have been procured by false representations, unfair means or undue influence.

2. SAME—*existence of fiduciary relation is not essential to set aside conveyance from child to parent.* All conveyances by a child to the parent whereby the parent secures the benefits, if unreasonable under the circumstances and not made with scrupulous good faith, will be set aside unless the rights of third parties have intervened; and the existence of a fiduciary relation, mental weakness or lack of business experience is not an essential element.

3. SAME—*when deed from child to parent is presumed to be invalid.* Where a child living under the parental roof has recently become of age, or is mentally weak or ignorant of business transactions, a deed to the parent will be presumed to have been procured by fraud, and the burden will be on the parent to prove the fairness and reasonableness of the conveyance.

4. SAME—*when bill to set aside deed from children to parent is not subject to demurrer.* A bill to set aside a deed from children to their father is not subject to demurrer where it alleges that the deed was procured by unfair and fraudulent means and was without consideration, even though the children are adults not residing with their father and although the facts alleged might not be sufficient to avoid the deed had the grantee been a stranger.

APPEAL from the Circuit Court of Stark county; the Hon. CHARLES V. MILES, Judge, presiding.

T. W. HOOPES, F. B. BRIAN, and J. H. ANDREWS, for appellants.

THOMAS J. WELCH, and JOHN W. FLING, JR., for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellants were the owners of the undivided two-thirds of 100 acres of land in Stark county, subject to a life estate of their father, John R. Blunt. In December, 1917, "for and in consideration of one dollar and other valuable considerations," appellants conveyed to their father, by quitclaim deed, all interest in said 100 acres of land. Blunt died testate February 26, 1920. By his will he gave appellant Nellie I. Mees one-third of all his property except his household goods and automobile. To appellant Lizzie Hogg he gave the sum of $500. To his daughter Mabel Blunt (now Mabel Steffey) he gave all his household goods, his automobile and all the remainder of his property and appointed her executrix, to serve without bond. Appellants filed their bill to the June term, 1921, of the Stark county circuit court to set aside the deed made by them to their father in 1917. A demurrer was sustained to the original bill, also to an amended bill. The bill was again amended, and the court sustained a demurrer to the second amended bill. Appellants elected to stand by their bill, and the court entered a decree dismissing the bill for want of equity. This appeal is prosecuted from that decree.

The bill as finally amended alleged appellants and their sister Mabel were in 1917 the owners of the 100 acres of land subject to a life estate of their father; that the land was worth $10,000; that appellants did not receive a fair and adequate price for making the deed, but the price paid was inadequate and much less than the value of their interest, as will appear by the deed; that their father was a man in advanced years, and his life estate did not greatly depreciate the value of the remainder in the land; that he asked them to make a deed to him, but they refused, and in order to induce them to make the deed he attempted to hire other persons to use their efforts to secure the deed to him; that he also falsely represented to appellants that on account of his only having a life estate in the land he was unable to

obtain the necessaries of life; that he also threatened appellants with violent bodily injury if they did not make the deed, and threatened to kill his daughter Lizzie if she refused to make the deed; that the appellants were induced by their father's importunities, false representations and threats to make the deed, and the bill prayed that it be set aside. The bill also alleged that after the deed was made appellants' father, up to a short time before his death, told appellants there was no use for them to resort to legal proceedings to set the deed aside and assured them that at his death they would get the land, and relying on these statements and assurances and the good faith and truthfulness of their father they refrained from bringing suit to set aside the deed during his lifetime; that after his death appellants had frequent conferences with their sister Mabel, the executrix and principal beneficiary of their father's will, and she held out the hope to them that they would be able to settle and adjust the matter so that appellants would obtain their rights in the land without litigation, and to preserve peace and good feeling in the family and relying on their sister's promises they refrained from bringing the suit until she refused to recognize their rights, when they filed their bill. The bill further alleged the land conveyed by Lizzie Hogg was the only property she owned; that Blunt at the time of his death owned personal property and other real estate sufficient to pay all his debts.

Appellants have never accepted the benefits of the will. They are both married and at the time the deed was made lived with their husbands away from the home of their father. The deed was acknowledged by Nellie Mees in South Dakota, and the briefs say she resided there. Lizzie Hogg acknowledged the deed in Henry county, Illinois, and the briefs say she resided in Stark county.

Appellants' position is, that fraud will be presumed from the relation of the parties, the inadequacy of the consideration, and the method by which it is alleged the deed was

procured. Appellees' contention is that appellants were adults not residing with their father, and in the absence of averments of the existence of a confidential relationship or weak mental or physical ability of appellants or their lack of business experience, by reason of which their father took advantage of them, the bill did not state a cause of action.

The mere fact of the relationship of parent and child where the parental dominion has ceased will not, of itself, raise a presumption of fraud or undue influence on the part of the parent in obtaining a conveyance or gift from the child. Such a conveyance, in the absence of any other circumstances except the relationship of the parties, is presumed to be valid, but its validity may be destroyed if shown to have been procured by false representations, unfair means or undue influence. All conveyances by a child to the parent whereby the parent secures benefits are objects of jealousy, and if they were not made with scrupulous good faith and are unreasonable under the circumstances they will be set aside unless the rights of third parties have intervened. (I Story's Eq. Jur.—12th ed.—sec. 309.) The existence of a fiduciary relation, mental weakness or lack of business experience are frequent elements in such cases, but they are not essential. (2 Pomeroy's Eq. Jur.—3d ed.—sec. 951.) Where a child is living under the parental roof, has recently become of age, or is mentally weak or ignorant of business transactions, a deed to the parent will be presumed to have been procured by fraud, and the burden will be on the parent to prove the fairness and reasonableness of the conveyance. *White* v. *Ross,* 160 Ill. 56; *Hays* v. *Feather,* 244 id. 172; *Sayles* v. *Christie,* 187 id. 420.

Appellants are not within the above rule under the allegations of the bill, but it is alleged their deed to their father was procured by unfair and fraudulent means and was without adequate consideration. The demurrer admitted that was true. In our judgment the bill was not ob-

noxious to demurrer but stated a case which required defendants to answer. It may well be that the same facts alleged, if the grantee had been a stranger to appellants, would not have been sufficient, but the relationship between the parties is an important element to be considered. Although appellants were not living under the parental roof they were the grantee's children, and that fact rendered them very susceptible to his influence and importunities to convey the land to him. If appellants were unwilling to make the deed and their father procured it by the means alleged,—in the case of Lizzie Hogg the conveyance was of all the property she had,—and then or afterwards promised them they would get it when he died, it would certainly be inequitable to sustain it as a fair and voluntary transaction. Appellants were not entitled to the possession and use of the land until the death of their father, who had a life estate, and if he secured their title and died seized of the land without disposing of it to others by will they would have come into possession at the same time they would if they had not made the deed. Under the case made by the bill we do not think the burden of proof is cast on defendants in the first instance to show the transaction was fairly, voluntarily and understandingly made, but it is incumbent on appellants to prove at least *prima facie* their bill. If the deed was not a constructive fraud because made from children to a parent, that fact is, as we have said, an important element to be considered in connection with the facts which may be proved.

Clearly, appellants are not barred from maintaining their bill by *laches.*

The court erred in sustaining the demurrer. The decree is reversed and the cause remanded, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*